

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7808 | DATE | 10/17/2002 |
| CASE TITLE | Ward-Kelley vs. Fortis Insurance Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 8 2002 date docketed | 48 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/17/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

| | |
|---|---|
| **TINA M. WARD-KELLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) No. 01 C 7808 | |
| **FORTIS INSURANCE CO.,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Tina Ward-Kelley is the primary beneficiary of her husband's life insurance policy. Larrue Kelley purchased the policy in 1999 from Fortis Insurance Company ("Fortis"). On February 16, 2000, Mr. Kelley was killed in an accident. Ms. Ward-Kelley made a claim on the policy, which Fortis denied on the grounds that Mr. Kelley misrepresented his weight and medical history during the application process. The insurance application form, which Mr. Kelley signed on March 8, 1999, stated that Mr. Kelley was five feet nine inches tall and weighed 240 pounds. The form further stated that Mr. Kelley had not had a physical examination, had any medical treatment, or taken any medications during the preceding five years, nor had he lost more than 15 pounds during the previous 10 years. It is uncontested that Mr. Kelley in fact sought treatment from a Dr. Aldover at a diet clinic between September 11, 1997 and December 24, 1998, during which time his weight fluctuated between 319 and 336 pounds. He was also taking the drug phentermine

to help control his weight. According to his autopsy report, at the time of his death, Mr. Kelley weighed 335 lbs. Ms. Ward-Kelley sued Fortis for breach of contract in the Circuit Court of Cook County, and the defendant removed the case. Fortis now moves for summary judgment.

In Illinois, a life insurance policy is void if the insured made misrepresentations that materially affect the risk undertaken by the insurer. *Federal Kemper Life Assur. Co. v. Eichwedel*, 639 N.E.2d 246, 251 (Ill. App. Ct. 1984). Fortis asserts that it would not have issued a policy to Mr. Kelley on the stated terms had it had complete and honest information regarding his physical condition, and that it should therefore be excused from performance on the policy. Grant Aff. at Paragraph 8. Ms. Ward-Kelley counters that all information on the insurance application was either accurate, immaterial, or not attributable to Mr. Kelley, as the form was actually filled out by Fortis' agent.

In deciding a motion for summary judgment, I evaluate the facts in the light most favorable to the nonmoving party. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). Even applying this standard, I find that no genuine issues of material fact exist. Whether Mr. Kelley or Fortis' agent actually wrote Mr. Kelley's weight on the insurance form is irrelevant; an insured is bound by the representations on a form he signs. *Small v. Prudential Life Ins. Co.*, 617 N.E.2d 80, 83 (Ill. App. Ct.

1993). Ms. Ward-Kelley does not dispute the authenticity of Mr. Kelley's signature. Thus, Mr. Kelley represented that his weight was 240 pounds at the time he applied for life insurance.

Ms. Ward-Kelley argues that Mr. Kelley might actually have weighed 240 pounds at that time. If Mr. Kelley weighed 240 pounds on March 8, 1999, then he would have lost at least 79 pounds in the 74 days since December 24, 1998. Such a drastic and sudden loss is not plausible. However, even if such a loss did take place, Mr. Kelley's statement that he had not lost more than 15 pounds during the preceding five years would have been a misrepresentation.

Mr. Kelley misrepresented his weight and his medical history on his insurance application. The only question that remains is whether these misrepresentations were material. A misrepresentation is material if "reasonably careful and intelligent persons would regard the facts as stated to substantially increase the chances of the event insured against, so as to cause rejection of the application." *Methodist Med. Ctr. of Ill. v. Am. Med. Sec. Inc.*, 38 F.3d 316, 320 (7th Cir. 1994), quoting *Small*, 617 N.E.2d at 896, 897. Materiality is ordinarily a question of fact, but "where the misrepresentation is of such a nature that all would agree that it is or is not material, the question is appropriate for summary judgment." *Garde v. Country Life Ins. Co.*, 498 N.E.2d 302, 308 (Ill. App. Ct. 1986). Misrepresentations which have been held to meet this standard include an applicant's failure to disclose

3

existing life insurance policies, id. at 309, prior hospitalizations for depression, *Small*, 617 N.E.2d at 83, a prior hospitalization for "palpitation and apprehension," *Hatch v. Woodmen Accident & Life Co.*, 409 N.E.2d 540, 543 (Ill. App. Ct. 1980), and a prior diagnosis of silent myocardial eschemia, a heart condition, *Methodist Med. Ctr. of Ill.*, 38 F. 3d at 321.

Any reasonable person would agree that a life insurer assumes a substantially greater risk by insuring a five-foot-nine, 319-pound applicant than by insuring a five-foot-nine, 240-pound applicant. Thus, Mr. Kelley's misrepresentation of his weight was material, and summary judgment in favor of Fortis is appropriate.

Therefore, the defendant's motion for summary judgment is GRANTED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: October 17, 2002